MIR, SUAU & CÍA., S. EN C., peticionaria, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. F. NAVARRO ORTIZ, JUEZ, y JOSÉ A. CAVALLIERY, demandados.

Núm. 1194.—*Sometido:* Enero 8, 1940. *Resuelto:* Febrero 2, 1940.

*A. Ramírez Silva,* abogado de la peticionaria; *Pedro Santana, Jr.,* abogado del Departamento del Trabajo, en representación del demandado Sr. Cavalliery.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

José A. Cavalliery presentó demanda contra la recurrente en la Corte Municipal de Mayagüez, alegando: que el de-

mandante era dependiente en el establecimiento mercantil de la demandada; que percibía un salario de $7 semanales; que siempre había cumplido con las obligaciones de su empleo y que sin justa causa, el 20 de julio de 1939, la demandada, sin previo aviso, lo despidió de su empleo sin abonarle el importe de una mesada que el demandante estima en $30.33.

La demandada interpuso las excepciones previas de insuficiencia de hechos para determinar una causa de acción y la de "que la corte no tiene jurisdicción sobre la persona de la demandada por la materia de la causa de acción." Basó esta última excepción en que la acción que se estableció en este caso fué bajo el procedimiento especial creado por la Ley número 10 de 1917 (Leyes de 1917, tomo 2, pág. 217) según ha sido enmendada. Contestó además la demandada en el mismo escrito negando que el demandante hubiese cumplido con los deberes de su empleo y que hubiera sido despedido en momento alguno, alegando en contrario que el demandante voluntariamente abandonó el empleo, por lo que no tenía derecho a compensación alguna. Como defensa especial alegó que de tener el demandante derecho a compensación, ésta no debería exceder de $7, que era el montante de su salario durante una semana.

De los autos originales no consta la sentencia que dictó la corte municipal, pero se infiere que fué adversa al demandante porque aparece éste apelando para ante la corte de distrito con fecha 2 de octubre de 1939.

Las alegaciones de derecho anteriormente reseñadas fueron reproducidas en la corte de distrito y ésta desestimó la que se refiere a la falta de jurisdicción por razón del procedimiento seguido, guardando silencio respecto a la excepción de insuficiencia de hechos para constituir una causa de acción.

Para revisar la predicha resolución interpúsose por la demandada este recurso de *certiorari*. La cuestión a resolver es si un dependiente de comercio cuyo empeño no tiene

tiempo señalado, pude, al ser despedido por su principal sin previo aviso de un mes y sin la compensación del salario correspondiente a esa mesada, recurrir al procedimiento especial de la Ley núm. 10 de 1917, según ha sido enmendada, o si por el contrario está obligado, como pretende la recurrente, a seguir el procedimiento ordinario.

 El artículo 220 del Código de Comercio, del cual surge la causa de acción en este caso, prescribe:

"Art. 220. En los casos de que el empeño no tuviere tiempo señalado, cualquiera de las partes podrá darlo por fenecido, avisando a la otra con un mes de anticipación.

"El factor o mancebo tendrá derecho, en este caso, al sueldo que corresponda a dicha mesada."

Además del precepto transcrito, aplicable por sus propios términos a los factores y mancebos de comercio exclusivamente, existe otro, el consignado en la sección 1 de la Ley núm. 43 de 1930 (Leyes de 1930, pág. 357), aplicable "a todo empleado de industria o de cualquier otro negocio lucrativo, contratado sin tiempo determinado," que literalmente dice así:

"Sección 1. Todo empleado de industria o de cualquier otro negocio lucrativo, contratado sin tiempo determinado, cuyo sueldo fuese convenido por mes, quincena o semana, que fuere destituído de su cargo sin justa causa y sin previo aviso de por lo menos quince días de anticipación, tendrá derecho a recibir de su principal o patrono el sueldo que hubiere devengado y el de un mes, una quincena o una semana adicional, según fuere el caso; *Disponiéndose, que las disposiciones de esta Ley no serán aplicables a los mancebos ni factores de comercio, para los cuales regirá lo dispuesto en el Código de Comercio.*" (Bastardillas nuestras.)

Los dos preceptos legales que acabamos de transcribir son de carácter sustantivo. El primero por sus propios términos se refiere como ya hemos dicho exclusivamente a factores y mancebos de comercio; el segundo a todos los demás empleados de industria o de cualquier otro negocio lucrativo que no sean factores o mancebos de comercio, rigiéndose estos

últimos, como hemos visto, por el artículo 220 del Código de Comercio, supra, el cual dispone que el aviso previo a que tienen derecho dichos factores y mancebos al ser despedidos sin justa causa es de un mes, y la compensación, el montante del sueldo que corresponda a esa mesada'', no importando que su salario se pague por días, semanas o trimestres. En los demás casos la compensación de los obreros o empleados se rige por la forma de pagarse el salario, o sea el importe de una semana, una quincena o un mes, según que el sueldo se pague por semanas, quincenas o meses respectivamente.

Para hacer efectivo el derecho sustantivo creado en las dos leyes transcritas, tuvo a bien el legislador crear el procedimiento sencillo y rápido que consignó en la Ley núm. 10 de 1917, cuya sección primera, según fué enmendada, por la ley de 17 de abril de 1935 (Leyes de 1935, pág. 239), dice así:

"Sección 1.—Siempre que un obrero o empleado tuviere que reclamar de su patrono cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, *o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin previo aviso y sin causa justificada,* podrá comparecer ante la Corte Municipal del Distrito Judicial en que realizó el trabajo o en que resida el obrero o empleado en la fecha de la reclamación y formular contra el patrono una querella que extenderá o llenará, según fuere el caso, el Juez o el Secretario de la Corte, en la cual se expresarán bajo juramento, por el obrero o empleado, los hechos en que se funda la reclamación.

"Podrán acumularse en una misma querella las reclamaciones de todos los obreros y empleados de un mismo patrono que hubieran dejado de percibir sus salarios devengados en una obra común; *Disponiéndose,* que la presentación de una querella por uno o más obreros o empleados, no ·impedirá la radicación de otras acciones por otros obreros o empleados.''

El precepto legal últimamente transcrito es de carácter general, aplicable a todo obrero o empleado que se viere en la necesidad de reclamar de su patrono cualquier suma por concepto de compensación por trabajo o labor realizados

para dicho patrono, o como se alega en este caso, "por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin previo aviso y sin causa justificada." No cabe duda que los factores y mancebos de comercio están comprendidos dentro del vocablo "empleado", y siendo ésta una ley de remedio y debiendo por consiguiente interpretarse liberalmente, no existe razón alguna que justifique excluir de sus beneficios a una clase determinada de empleados, como son los de comercio.

A nuestro juicio la corte *a quo* resolvió correctamente la cuestión de jurisdicción al declarar sin lugar por su resolución de primero de noviembre último la cuestión "de falta de jurisdicción sobre la persona de la demandada y sobre la materia de la acción ejercitada."

Sin embargo, deseamos llamar la atención al hecho de que la única demanda que aparece de los autos deja de alegar que el empleo del demandante no era por tiempo determinado, alegación esencial para que sea de aplicación el artículo 220 del Código de Comercio. Por consiguiente, para que la demanda aduzca hechos constitutivos de la causa de acción que se ejercita, debe aquélla enmendarse, si es que es susceptible de enmienda, de tal forma que aparezca dicha condición.

*Por lo expuesto, procede anular el auto expedido y devolver los originales a la corte de su procedencia para ulteriores procedimientos no inconsistentes con esta opinión.*